### DREWRY & SON v. WOOD.

(Circuit Court, D. Minnesota, Third Division. June 15, 1903.)

1. UNFAIR COMPETITION—IMITATION OF NAME, DRESS, AND LABELS—"LIMETTA" AND "LIMETTE."

Complainants for several years made a beverage which they put up in bottles, and sold under the name of "Limetta," using a label on which the name, in red and gilt letters, was the prominent feature, together with a

---

¶ 1. Unfair competition, see notes to Scheuer y. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

colored design, descriptive matter, and the name of the makers. Defendant commenced the manufacture and sale of a similar article, having the same color, and put up in similar bottles, sealed with similar capsules, and with a label differing in shape, but in which the name "Limette" was printed, also in red and gilt, in the same position as the name on complainants' labels. The descriptive matter was also similar, and the label did not bear the name of the manufacturer. *Held*, that the general similarity in appearance of packages and labels was such as to indicate a purpose to deceive, and to constitute unfair competition, against which complainants were entitled to a preliminary injunction.

In Equity. Bill to restrain the infringement of complainant's registered trade-mark "Limetta," and the imitation of complainant's trade dress, including label, bottle, and capsule. Hearing on motion for injunction pendente lite.

John E. Stryker, for complainant.
John E. Hearn, for defendant.

LOCHREN, District Judge (orally). The law is well settled that one cannot adopt as a trade-mark a word that is simply descriptive of an article or of its quality; that is free to everybody. If an arbitrary word has been adopted by the person who has invented an article, and he has obtained a patent for the article, and it is known by no other name, as the word "Linoleum" was adopted by the originator of that article, it is open to the public to use such word upon the expiration of the patent. Castoria was also a patented article. When the patent ran out the article itself was known by no other name, and the public had a right to use it as they had a right to manufacture and sell the article itself. I do not know that it is necessary in this case that I should determine whether this word is a proper trade-mark. If it is evident that there is unfair competition, the injunction will have to go, whether "Limetta" is a lawful trade-mark or not.

The evidence in the case tends to show that the complainant begun to manufacture this article several years ago, and adopted for it this name "Limetta"; that it has for some considerable time put this article up in bottles of the kind shown in evidence, both the large and small bottles; and complainant claims it has obtained a large sale and market value and is largely advertised. If so, no other person has a right to put upon the market a similar article in such a way as to represent that it is of the manufacture of the first person who put it upon the market, and whose article has acquired a valuable reputation and grown into demand. Under the circumstances, the case comes under the law respecting what is known as unfair competition. Whether it does or does not so come is to be determined chiefly by inspecting the marks, labels, and appearance of the bottles. This may be supplemented by evidence as to purchases which have been made, and as to whether there is a general attempt to dress up the article which is claimed to be unfairly put upon the market in such a way as to deceive purchasers or customers, and lead them to accept it when they are desirous of getting and intending to purchase the other article. Now, the beverages in this case, in bottles, either large or small, appear to be liquids of the same color; the bottles are alike; the capsules are similar. The principal word on defendant's label differs from complainant's only in the last letter. It may be pronounced the same. There is a slight difference in the labels, one being square and the other of a different form, still I am inclined to think, on the whole, that, while defendant might not deceive a person in the trade, he might deceive persons who are not particular to examine carefully the labels in each case. With the labels off, the bottles, the liquid in them, and the capsules would be the same apparently. The labels are each of white paper. The words are very much alike. The principal name on each is put on with the same kind of a curve and type on the top of the label. The general lettering, as far as colors are concerned, is certainly similar. The red coloring is more prominent on the defendant's label than on that of the complainant's, but I am inclined to think, on the whole, that under the ruling adopted by the courts in

similar cases I must hold that the evidence in this case shows unfair competition; and the letter, shown by defendant's counsel from the person who prepared the labels and from whom the defendant purchased them, rather tends to confirm the impression that the purpose to imitate was present. It was apparently considered how far in that direction that person might safely go. I am inclined to think that he went too far; and considering the similarity of the label, together with the similarity of the bottles, color of the liquid and capsules, there is nothing to distinguish it, so far as a person of ordinary care, desiring to purchase the complainant's material is concerned, from that of the complainant.

Let the order for a temporary injunction issue as prayed for.